UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MIKE O'LAUGHLIN, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:13-CV-1669 JAR |
| v. | ) ) ) | |
| DILL PLUMBING, INC., | ) ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to collect delinquent fringe benefit contributions. On December 19, 2013, Plaintiffs filed a Motion for Summary Judgment asking for judgment against Defendant Dill Plumbing, Inc. ("Dill Plumbing") in the amount due of $38,024.54 for amounts owed through August 31, 2013, plus Plaintiffs' attorneys' fees and court costs. (ECF No. 9). On January 3, 2014, Plaintiffs filed their Motion for Preliminary Injunction asking the Court to compel Defendant to submit the contractually required monthly reports and fringe benefit contributions from September 2013 to the present and thereafter as they become due during the pendency of this action. (ECF No. 12). On January 10, 2014, the Court granted Plaintiffs' Motion for Summary Judgment against Defendant Dill Plumbing on Plaintiffs' claim for $38,024.54 for amounts owed through August 31, 2013, and the Court granted Plaintiffs' Motion for Preliminary Injunction. (ECF No. 17). On February 6, 2014, the Court awarded Plaintiffs $1,827.00 in attorneys' fees and $511.45 in court costs for a total of $2,338.45. (ECF No. 22).

Thus, the Court entered a total Judgment against Dill Plumbing in the amount of $40,362.99. On February 6, 2014, the Court also entered Judgment in favor of Plaintiffs. (ECF No. 23).

Plaintiffs have filed several motions for contempt based upon Dill Plumbing's failure to provide the required fringe benefit contributions. (ECF Nos. 20, 30, 35). On two prior occasions, the Court gave Dill Plumbing additional time to become current with its fringe benefit contribution obligations. (ECF No. 28, 34). On May 5, 2014, Plaintiffs filed their most recent Motion for Contempt (ECF No. 35). In their Motion, Plaintiffs requested that the Court hold Dill Plumbing in contempt of court because it is "now over seven (7) months delinquent." The Court held a conference call regarding Plaintiffs' Motion for Contempt on June 9, 2014. The parties agreed to discuss the amounts paid and identify the amounts still outstanding in a status report for the Court.

On June 17, 2014, Plaintiffs notified the Court that Dill Plumbing has not made any payments to Plaintiffs since the June 9, 2014 conference call. (ECF No. 42).

Dill Plumbing paid $36,102.87 on February 10, 2014; $5,000 on April 15, 2014; and $5,000 on May 23, 2014. (ECF No. 43 at 1). These amounts were applied to the contributions owed for the period of April 2013 and October 2013.[1] Ultimately, $32,672.01 of the amounts paid by Dill Plumbing was applied to the Judgment period. The remainder was applied to post-judgment contributions. Plaintiffs contend that $7,690.98 remains owed on the Judgment. (ECF No. 43 at 1). Plaintiffs assert that Dill Plumbing also owes $15,970.46 for contributions from October through December 2013. Dill Plumbing has not submitted any evidence to the contrary.

---

[1] The Supplemental Advice to the Court (ECF No. 43) mistakenly states that these payments were applied to the period of April 2014 through October 2014, but the report attached makes clear that these payments were for 2013.

Plaintiffs also note that Dill Plumbing has not filed its monthly reports from January 2014 to the present,[2] which makes it impossible to determine the amounts owed for this period.

"Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both." Carpenters' Dist. Council of St. Louis & Vicinity v. DLR Opportunities, Inc., 4:07-CV-61 CAS, 2008 WL 163590, at *2 (E.D. Mo. Jan. 17, 2008)(citing Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 504-05 (8th Cir. 2000)). "Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant." Id. "A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order." Id.

Here, Dill Plumbing has failed to comply with the Court's Orders, and the Court holds that Plaintiffs have proved Dill Plumbing to be in civil contempt of this Court's Orders by clear and convincing evidence. The Court has given Dill Plumbing several opportunities to make the required contributions to its fringe benefit plan, but it has repeatedly failed to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt [35] is **GRANTED** and Defendant Dill Plumbing, Inc. is found in civil contempt of this Court.

**IT IS FURTHER ORDERED** that the Court hereby imposes a compliance fine of $100.00 for every day after today that Defendant Dill Plumbing, Inc. fails to obey the Court's January 10, 2014 Order.

---

[2] The Court, however, notes that Judgment was entered by the Court on February 6, 2014.

Dated this 8th day of July, 2014.

                                                                 _/s/ John A. Ross_
                                                 **JOHN A. ROSS**
                                                 **UNITED STATES DISTRICT JUDGE**